IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marvin Crowl, et al.,

                          Plaintiffs,

        -vs-

Norfolk Southern Railway Company, et al.,

                        Defendants.

Case No. 3:06 CV 1116

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

On May 04, 2006, Marvin Crowl, Willie Camp, Owen Centers, Phillip Rogers, Sandra Beckner, Theodore Balko, Richard Hoffmeister, William Epperly, John McGuire, John Perri, Larry Mann, James Williams, Donald Stanley, Matthew Slater, Ronald Fox, Jeffrey Fitzgerald, John Boudousquie, and Jerry Graben (collectively, the "Plaintiffs") filed the above-captioned case, individually and on behalf of others similarly situated, against Norfolk Southern Railway Company ("NS"), in its present capacity and as a successor in interest; Norfolk & Western Railroad, Pennsylvania Reading Railroad, Southern Railway, New York, Chicago & St. Louis Railroad, Wabash Inc., Kentucky & Indiana Railroad, Erie-Lakawana Railroad, in their present capacities and as predecessors in interest; and Consolidated Rail Corporation and Penn Central Railroad, as predecessors in interest (collectively the "Defendants") raising claims under the Federal Employers' Liability Act and the Locomotive Inspection Act, and a claim under federal regulations dealing with locomotive safety standards (Docket No. 1).

On June 13, 2006, Defendants Consolidated Rail Corporation ("Conrail") and American Premier Underwriters, Inc. ("APU") filed a Motion to Strike the Class Allegations (Docket No. 15).

On July 11, 2006, Plaintiffs filed a Brief in Opposition (Docket No. 40). On July 20, 2006, Defendants Conrail and APU filed a Reply (Docket No. 44).

On June 13, 2006, Defendants Conrail and APU also filed a Motion to Dismiss (Docket No. 16). On July 11, 2006, Plaintiffs filed a Brief in Opposition (Docket No. 41). On July 20, 2006, Defendants Conrail and APU filed a Reply (Docket No. 43).

All issues have been fully briefed and are ripe for adjudication. For the following reasons the Motion to Strike (Docket No. 15) and the Motion to Dismiss (Docket No. 16) are **DENIED**.

## I.    FACTUAL BACKGROUND

At all relevant times, Defendants are or were common carriers by railroad engaged in interstate commerce (Docket No. 1 "Compl.," at ¶4). Plaintiffs were employed by the various Defendants as engineers or conductors. *Id.* at ¶5.

During the course of their employment, Plaintiffs allege that they were exposed to, inhaled, and/or ingested diesel fumes and diesel exhaust emissions, gasses, and other injurious substances, including known human carcinogens and other toxic substances, which caused respiratory and pulmonary problems including asthma, COPD, and emphysema. *Id.* at ¶¶ 41-43.

Plaintiffs raise claims under FELA and the Locomotive Inspection Act and a claim under federal regulations dealing with locomotive safety standards. *Id.* at ¶¶ 39-56. Plaintiffs seek an order certifying the class action and for declaratory relief, monetary damages, and attorney fees and costs. Defendants Conrail and APU seek to strike the class allegations arguing that they do not comport with Rule 23.1 of the Federal Rules of Civil Procedure. They also seek dismissal (1) because a prior class action is pending, (2) for failure to state a claim upon which relief can be granted, and (3) for improper venue.

2

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the allegations are taken as true and viewed in the light most favorable to the non-movant.  A claim will not be dismissed "unless it appears beyond a reasonable doubt that the [non-movant] can prove no set of facts to support his claim which would entitle him to relief." *Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994); *see also Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 885 (6th Cir. 1990).

The claim need only give fair notice as to the claim and the grounds upon which it rests.  *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  Conclusory allegations however, are not sufficient to state a claim.  Rather, a claim must set forth specific facts, which, if proved, would warrant the relief sought.  *Sisk v. Levings*, 868 F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003).  A court likewise need not accept unwarranted factual inferences.  *Montgomery*, 346 F.3d at 697 (*citing Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

## III.   LEGAL ANALYSIS

### A.    Motion to Strike

Defendants Conrail and APU argue that the Complaint does not comport with Rule 23.1 of the Federal Rules of Civil Procedure.  However, in the companion case of *Taylor, et al. v. CSX Transportation, Inc., et al.*, 3:05 CV 7383, the same defendants represented by the same counsel conceded, in the interest of judicial economy, "that it would be more appropriate and efficient to address the insufficiency of plaintiffs' class action allegation in the context of class certification-

related discovery and motions practice, pursuant to a case management schedule ordered by this Court." *See Taylor, et al. v. CSX Transportation, Inc., et al.*, 3:05 CV 7383 (Docket No. 60, at 2). The Court sees no reason why the same argument does not apply equally to the instant case. Accordingly, the Motion to Strike is denied.

### B.    Motion to Dismiss

Defendants raise three arguments with respect to the Motion to Dismiss: (1) pending class action litigation, (2) failure to state a claim upon which relief can be granted, and (3) improper venue. The Court will address each argument in turn.

#### 1.    Pending class action litigation

Defendants Conrail and APU argue that because a similar class action involving separate plaintiffs and defendants raising the same allegations is pending before the Court, the instant case should be dismissed. However, they have not cited a single instance where a court has granted a motion to dismiss simply because another set of plaintiffs have filed suit against another set of defendants utilizing the same theories of liability. Moreover, their concern about duplicative litigation completely lacks merit given that both cases have been filed in the *very same* district before the *very same* judge, who is planning on consolidating them for the purposes of discovery and the resolution of legal issues.

#### 2.    Failure To State A Claim Upon Which Felief Can Be Granted

Defendants Conrail and APU argue that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs failed to comply with Rule 8(a)(2)'s demand that pleadings contain "a short and plain statement of the claim showing that the

4

pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Specifically, they argue that Plaintiffs have not sufficiently alleged successor liability.

The simplified notice pleading standard of Civil Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)).  Thus, to satisfy this standard, pleadings need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Id.* (*Quoting Conley*, 355 U.S. at 47.).

Here, the Complaint alleges that various defendants have assumed the liability of its predecessor as successors in interest.  It further indicates which entities are being sued in their present capacities and which entities are being sued as successors and/or predecessors in interest.  Thus, Defendants are fully aware of what claims are being alleged and to what extent the individual Defendants are being sued individually and as successors and/or predecessors in interest.  Civil Rule 8(a) requires nothing more.

Defendants Conrail and APU's citation to *LaFreniere v. Northwest Illinois Reg'l Computer R.R. Corp.*, 1990 U.S. Dist. LEXIS 2728 (N.D. Ill. Mar. 12, 1990);  *McAllister v. Consolidated Rail Corp.*, 108 Ohio App. 3d 212 (1995); and *Pennsylvania Dep't of Envtl. Prot. v. Concept Scis., Inc.*, 232 F. Supp. 2d 454 (2002) is unavailing.  In *Lafreniere*, which never addressed the issue of successor liability, the court dismissed the plaintiff's complaint because she "ignored the pleading rules and mixed her separate legal theories and her allegations with respect to the different defendants without separating the counts pleaded." 1990 U.S. Dist. LEXIS 2728, at *8.  Such errors certainly do not exist here.  The plaintiff in *McAllister* was denied the right to argue successor liability in his motion for

5

summary judgment because he never alleged successor liability in his complaint. 108 Ohio App. 3d at 218. Here, Plaintiffs clearly allege successor liability in their Complaint. Finally, although *Concept* stands for the proposition that alleging successor liability along with the specific theory of liability is sufficient to comport with Civil Rule 8(a), it by no means stands for the proposition that a plaintiff is required to do so in order to comply with pleading principles. 232 F. Supp. 2d at 459-60. Thus, *Concept* is inapposite.

In short, Defendants Conrail and APU are free to contest that they are liable as successors in interest once discovery has been conducted. However, at least at this stage of the litigation, the Court concludes that they are on sufficient notice as to how Plaintiffs intend to hold them liable in accordance with Civil Rule 8(a).

### 3. Improper Venue

Finally, Defendants Conrail and APU argue that the Northern District of Ohio is the improper venue for the instant case. The Federal Venue Statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). Here, the parties agree that Defendants do not all reside in the same state. They also agree that a substantial part of the events giving rise to the claim did not occur in a single judicial district. Thus, Plaintiffs are entitled to bring the instant action in any judicial district in which *any defendant* may be found. 28 U.S.C. §1391(b). Defendant NS conducts business in the Northern District of Ohio (Toledo) and thus, may be found in this District. Thus, under prong three of the

6

Federal Venue Statute, venue in this District is proper as to *all Defendants*, at least with respect to Counts Two and Three.

However, Count One raises a claim under FELA, which has its own venue provision:

> [A]n action may be brought in a circuit [district] court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States.

45 U.S.C. §56.  Because Defendant NS conducts business in the Northern District of Ohio (Toledo), venue in this District is proper with respect to it and its predecessors in interest (including Conrail), all of which conducted business in this District when they engaged in the railroad business.  However, Defendants Conrail and APU maintain that venue under FELA is improper with respect to them and their predecessors because they do not conduct business in this District, do not reside in this District, and the cause of action did not arise here.

Generally, venue must be established for each cause of action, *Washington v. General Electric Corp.*, 686 F. Supp. 361, 362 (D.D.C. 1988), and for each defendant.  *New York v. Cyco.net, Inc.*, 383 F. Supp. 2d 526, 543 (S.D.N.Y. 2005).  "Nevertheless, where venue is proper for some, but not all, claims and where, as here, the claims arise out of the same core of operative facts, plaintiffs may rely on the doctrine of 'pendent venue' to cure any venue defect."  *Sisso v. Islamic Republic of Iran*, 2006 U.S. Dist. LEXIS 59137, *12 (D.D.C. Aug. 23, 2006).  As the D.C. Circuit explained:

> Whether to apply the principle of pendent venue in any given case is a discretionary decision, based on applicable policy considerations.  Some of these considerations will be the same as those that support the exercise of pendent jurisdiction -- judicial economy, convenience, avoidance of piecemeal litigation, and fairness to the litigants. Other considerations unique to the context of venue will apply.  For example, the purpose of venue rules is generally considered to be "primarily a matter of convenience of litigants and witnesses."  It is also oriented to the convenience of the court system.

7

*Beattie v. United States*, 756 F.2d 91, 103 (D.C. Cir. 1984).[1]  Here, venue in this District is proper with respect to all Defendants under Counts Two and Three and with respect to most Defendants under Count One.  The allegations in the Complaint arise out of the same core of operative facts. Moreover, the same counsel who represents the properly-venued defendants in the *Taylor* companion case also represents Defendants Conrail and APU in this case.  Thus, the Court concludes that in the interest of judicial economy, convenience, avoidance of piecemeal litigation, and fairness the doctrine of pendent venue applies and should be exercised in this case with respect to all claims as against all Defendants.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Consolidated Rail Corporation and American Premier Underwriters, Inc.'s Motion to Strike (Docket No.15) and the Motion to Dismiss (Docket No. 16) are **DENIED**.  The Court is issuing a discovery and briefing schedule consistent with this Opinion.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 31, 2006

---

[1]

Although the Sixth Circuit has not yet addressed the issue of pendent venue, at least one judge in this District utilized the doctrine in order to exercise venue over state claims related to a pending FELA claim.  *Bertz v. Norfolk S. Ry.*, 2003 U.S. Dist. LEXIS 12672 (N.D. Ohio Jun. 25, 2003) (Chief Judge Carr).