IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marvin Crowl, et al., | Case No. 3:06 CV 1116 |
| Plaintiffs, | O R D E R |
| -vs- | JUDGE JACK ZOUHARY |
| Norfolk Southern Railway Company, et al., | |
| Defendants. | |

**I.   Defendant Conrail's Motion for Summary Judgment on the Basis of Statute of Limitations (Doc. No. 353)**

Defendant has moved for summary judgment alleging Plaintiff failed to bring his FELA claim within the three-year statute of limitations. Plaintiff opposes (Doc. No. 379).

The parties agree Plaintiff was diagnosed with asthma as far back as 1987. Plaintiff himself acknowledged treatment for asthma as far back as 1990. His first "serious" asthma attack took place in 1994 at which point he began to treat with a pulmonologist. He filed this Complaint in May 2006.

Plaintiff argues he believed his asthma was caused by allergies and that it was not until recently he learned that diesel fumes may have also triggered or aggravated his asthma. His deposition testimony taken in March 2008 states (pp. 142-44):

    Q.   Okay. When's the first time you recall?
    A.   Associating the diesel with asthma?
    Q.   Right.
         * * *
    A.   By a mailing from the union.
    Q.   When was that?
         * * *

    A.     Probably over two years ago.

    Q.     Okay. When you say over two, was it less than five years ago?
    A.     I think it was.

    Q.     So between two and five?
    A.     Yes.

    Q.     Can you be any more specific than that?
    A.     No.
             * * *
    Q.     Okay. So it's only since the time you were notified by the union that you really relate that exhaust was causing you problems or was harmful to you?
    A.     Yes.

    Q.     You said that's between two and five years ago?
    A.     Yes.

Both parties cite *United States v. Kubrick*, 444 U.S. 111, 122-23 (1979) and *Aparicio v. Norfolk & Western Railway Co.*, 84 F.3d 803, 814 (6th Cir. 1996) as controlling law for when a cause of action accrues for a claim under the FELA. *Aparicio* cites to the Seventh Circuit that "a cause of action accrues for [FELA] statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Id.*

Defendant relies on several annual physicals conducted by the railroad to support the argument that Plaintiff should have known his work exposure could have caused his asthma (Ex. C, D, E & F for the years 1987, 1990, 1991 and 1999, respectively). Plaintiff argues that at best this evidence shows Plaintiff's asthma was the result of allergies and that Defendant cannot use its own misleading medical evaluations to then close the courthouse door to its employees.

Based on the Record, the Court finds that reasonable minds could differ on when Plaintiff knew of the cause of his asthma. While Plaintiff certainly knew of his "injury" (asthma) long ago, it is unclear when he knew or should have known the alleged "governing cause" (diesel fumes) might be work-related. Therefore, Defendant's Motion for Summary Judgment is denied.

2

### II.  Defendant Conrail's Motion for Summary Judgment on the Basis of Medical Reports (Doc. No. 367)

Defendant moves the Court for summary judgment alleging Plaintiff has failed to disclose a medical expert to establish that Plaintiff's asthma was caused or aggravated by his work around diesel fumes. Plaintiff opposes (Doc. No. 380). Specifically, Defendant claims Plaintiff has failed to identify an expert or produce a report that connects Plaintiff's asthma to his railroad work around diesel fumes. *See* Federal Civil Rule 26(a)(2). Without expert medical testimony, Defendant claims Plaintiff cannot prove a claim under the FELA or LIA. (Note: Plaintiff is dismissing his "fear of cancer" claim and therefore this is no longer at issue.)

Defendant admits Federal Civil Rule 26 does not require a report from a treating physician. *Fielden v. CSX*, 482 F.3d 866, 869 (6th Cir. 2007). And Plaintiff argues he has now identified a treating physician, Dr. Patel, who will testify that diesel fumes were a contributing factor to Plaintiff's asthma. The Court assumes Dr. Patel's medical file has already been made available to Defendant and that his proposed opinion is not an unfair surprise. Courts recognize that testimony from a treating physician is not the same for disclosure purposes as an "independent" medical expert. *See Hardyman v. Norfolk & Western Railway Co.*, 243 F.3d 255, 269 (6th Cir. 2001).

The Court agrees with Defendant that medical testimony is necessary to establish causation under both the FELA and the LIA. It appears however that Plaintiff can accomplish that through the testimony of Dr. Patel. Therefore, Defendant's Motion for Summary Judgment is denied. In light of this ruling, Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 395) is denied as moot.

### III.  Plaintiff's Motion for Reconsideration (Doc. No. 394)

Plaintiff asks the Court to reconsider its earlier Order (Doc. No. 392) denying as untimely its Cross-Motion for Summary Judgment. Defendant opposes (Doc. No. 396), and correctly states that Plaintiff's Motion does not meet the criteria for reconsideration. *See Davie v. Mitchell*, 291 F. Supp.

3

2d 573, 643 (N.D. Ohio 2003). In any event, Plaintiff's attempt to bury its Cross-Motion for Summary Judgment in its Opposition to Defendant's timely-filed Motion for Summary Judgment is wholly inappropriate under both the Civil Rules as well as the Scheduling Order in this case. To allow a party to raise a motion in this manner would defeat the very purpose of an orderly briefing schedule, including a trial date set with "breathing room" after the motion cutoff. (In any event, as Plaintiff correctly notes, if this case goes to trial Plaintiff can raise these same arguments on a Civil Rule 50 motion.)

Finally, the suggestion is simply incorrect that this Court had granted Plaintiff additional time to file a dispositive motion. This Court has dealt with this case on an almost monthly basis over a long period of time. The Court's notes and orders reflect neither an approved extension nor that leave was ever sought in the first instance. Counsel were well aware of the importance of meeting deadlines so as not to upset the trial date. The Cross-Motion was untimely; the Motion for Reconsideration is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 6, 2008